Leroy A. **ANDREOZZI**, Plaintiff–
Appellant,

v.

**CALIFORNIA DEPARTMENT
OF CORRECTIONS; et al.,
Defendants–Appellees.**

No. 06–15888.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 28, 2007.

Leroy A. Andreozzi, CMF–California Medical Facility, Vacaville, CA, for Plaintiff–Appellant.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Tracy S. Hendrickson, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Leroy A. Andreozzi, a California state prisoner, appeals pro se from the district court's summary judgment in favor of the California Department of Corrections (CDC) and several CDC employees in his civil rights action for injunctive relief alleging that CDC regulations requiring inmates to maintain short hair violated the Religious Land Use and Institutionalized Persons Act (RLUIPA). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see Southern Oregon Barter Fair v. Jackson County, Oregon*, 372 F.3d 1128, 1133 (9th Cir.2004), and we affirm.

The district court properly determined that Andreozzi's action for injunctive relief was moot because CDC's modified grooming regulations, effective January 2006, permit inmates to wear their hair any length, and, given these modified regulations, there is no reasonable expectation that prison officials will discipline Andreozzi in the future for wearing his hair long in accordance with his religious beliefs. *See, e.g., White v. Lee*, 227 F.3d 1214, 1243 (9th Cir.2000); *Warsoldier v. Woodford*, 418 F.3d 989 (9th Cir.2005).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Andreozzi's remaining contentions are not persuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.